## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SAMUEL DESILVA                                          CIVIL ACTION

VERSUS                                                  NO.  18-598

STATE OF LOUISIANA                                      SECTION "R"(2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction or, alternatively, as time-barred.

_____

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Samuel DeSilva, is not incarcerated.  His petition provides a post office box in Richmond, Virginia as his mailing address.  On February 13, 1998, he was charged by bill of information in Criminal District Court for the Parish of Orleans with one count of indecent behavior with a juvenile, in violation of La. Rev. Stat. § 14:81.[2]

On January 7, 1999, DeSilva withdrew his initial plea of not guilty and entered a plea of guilty as charged.[3]  On the same date, the state trial court withheld the imposition of sentence and placed DeSilva on active probation for two (2) years and inactive probation for three (3) years, with a fine and additional costs imposed.  DeSilva was also ordered to submit to therapy and to register as a sex offender.[4]

DeSilva's conviction became final five (5) business days later, on January 14, 1999, because he did not seek further review of the conviction, sentence or judgment of probation.[5]  See Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (a judgment imposing probation becomes final at the conclusion of direct review or the expiration of

_____

[2]St. Rec. Vol. 1 of 1, Bill of Information, 2/13/98.

[3]St. Rec. Vol. 1 of 1, Docket Master, 1/7/99.

[4]St. Rec. Vol. 1 of 1, Docket Master, 1/7/99.

[5]Failure to move timely for appeal under La. Code Crim. P. article 914 renders the conviction and sentence final at the expiration of the period for filing a motion for appeal.  State v. Counterman, 475 So. 2d 336, 338 (La. 1985).  At the time of DeSilva's guilty plea, La. Code Crim. P. article 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1, to provide 30 days for filing of the notice of appeal.

the time for seeking such review); <u>Cousin v. Lensing</u>, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period less than seven days).

II.    <u>FEDERAL HABEAS PETITION</u>

On April 10, 2018, DeSilva paid his filing fee and the clerk of this court filed his federal habeas corpus petition.  He alleges that his 1999 conviction was illegal because his attorney was ineffective in advising him to accept a plea deal, no evidence was produced against him and he was not advised of the full consequences of his guilty plea.[6]

The State filed an answer and memorandum in opposition to Williams's petition, arguing that he is not in custody based upon the challenged 1999 conviction and five-year term of probation, which expired long ago.[7]

III.    <u>GENERAL STANDARDS OF REVIEW</u>

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[8] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998)

---

[6]Rec. Doc. No. 6 at pp. 5, 7, 8, 10.

[7]Rec. Doc. No. 11.

[8]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

(citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to DeSilva's petition, which, for reasons discussed below, is deemed filed in this federal court on January 18, 2018.[9]

The threshold questions in federal habeas review under the amended statute are whether the petitioner is <u>in custody</u>, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that this court is without subject matter jurisdiction to consider DeSilva's petition as a direct challenge to his 1999 conviction because he is no longer

---

[9]The clerk of court received DeSilva's petition and application to proceed in forma pauperis on January 18, 2018, but both were deficient.  Record Doc. Nos. 1, 2, 3.  The court denied the pauper application on February 23, 2018.  Record Doc. No. 4.  "Rule 3[a] of the Rules Governing Section 2254 Cases specifically provides that a habeas petition is not filed unless accompanied by the filing fee or an order granting leave to proceed" in forma pauperis.  <u>Cousin</u>, 310 F.3d at 846.  Because DeSilva was <u>not</u> incarcerated when he filed his petition, Rule 3(d) of the Rules Governing Section 2254 Proceedings (which incorporates the prison mailbox rule) does <u>not</u> apply.  As a non-prisoner, DeSilva controlled when he submitted his petition, pauper application and filing fee.  <u>Cf. id.</u> at 847 (because prisoners represented by counsel exercise control over their legal documents, they should not be afforded the same degree of leniency as pro se prisoners and should not benefit from the mailbox rule).  Thus, Rule 3(a) of the Rules Governing Section 2254 Cases applies to DeSilva's petition.  He paid the filing fee and his petition was formally filed by the clerk on April 10, 2018.  Record Doc. No. 6.  However, Rule 3(b), as amended in 2004, provides that "the clerk must file the petition and enter it on the docket," and the official comments to amended Rule 3(b) state that the rule "parallel[s] Federal Rule of Civil Procedure 5(e), which provides that the clerk may not refuse to accept a filing solely for the reason that it fails to comply with these rules or local rules. . . .  Thus, revised Rule 3(b) requires the clerk to file a petition [that is defective in form] . . . ; the clerk would also be required, for example, to file the petition even though it lacked the requisite filing fee or an in forma pauperis form."  Rule 3, advisory committee notes to 2004 amendments.  Accordingly, DeSilva's petition is deemed filed as of January 18, 2018 when the clerk first received it.

in custody on that conviction.  In addition to that well-founded argument, I find that the petition is not timely filed.

IV.    LACK OF SUBJECT MATTER JURISDICTION

28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); <u>accord</u> 28 U.S.C. § 2254(a).  Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies.  <u>Carty v. Thaler</u>, 583 F.3d 244, 253 (5th Cir. 2009); <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987).  The United States Supreme Court has interpreted this statutory language to require the habeas petitioner to be in custody at the time the petition is filed <u>for the conviction or sentence under attack</u>.  <u>Lackawanna Cnty. Dist. Att'y v. Coss</u>, 532 U.S. 394, 400-01 (2001).  In <u>Lackawanna County</u>, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure <u>to appoint</u> counsel. No such claim is made in this case, and I am unaware of any exception to the rule that would apply to the claims asserted in this petition.[10]

_____

[10]As explained by the Sixth Circuit in <u>Abdus-Samad v. Bell</u>, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the <u>Lackawanna County</u> Court speculated that other exceptions to this rule of federal habeas <u>non</u>-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence.  <u>Accord</u> <u>Stanbridge v.</u>

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" based upon the challenged conviction and must have exhausted his available state court remedies. <u>Carty</u>, 583 F.3d at 253; <u>Dickerson</u>, 816 F.2d at 224. Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968); <u>Port v. Heard</u>, 764 F.2d 423, 425 (5th Cir. 1985). "[A] petitioner does not remain '"in custody" under a conviction after the sentence imposed for it has fully expired . . . .'" <u>Stanbridge</u>, 791 F.3d at 718 (quoting <u>Maleng</u>, 490 U.S. at 492). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's <u>subsequent</u> release from custody. <u>Carafas</u>, 391 U.S. at 238; <u>Port</u>, 764 F.2d at 425.

As the United States Supreme Court held in <u>Lackawanna County</u>, when a habeas petitioner is no longer serving the sentence imposed pursuant to his old conviction, he cannot bring a federal habeas action directed solely at challenging that old conviction. That is exactly what DeSilva has attempted to do here. His petition was deemed filed in this court on January 18, 2018, more than nineteen (19) years after his conviction became final and more than fourteen (14) years after his five-year term of probation expired. He

---

<u>Scott</u>, 791 F.3d 715, 722 & n.4 (7th Cir. 2015). Even these circumstances do not exist in this case.

does not allege and I find that he was <u>not</u> in custody on January 18, 2018 for the conviction he is now challenging.

A requirement to register as a sex offender does not render a person "in custody" for purposes of habeas corpus. <u>Puckett v. Powers</u>, No. 10-1066, 2011 WL 794861, at *1 (E.D. La. Feb. 28, 2011) (quoting <u>Virsnieks v. Smith</u>, 521 F.3d 707, 718 (7th Cir. 2008) "('[G]iven the habeas statute's "in custody" requirement, courts have uniformly rejected the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas.')") (additional citation omitted); <u>accord</u> <u>Leslie v. Randle</u>, 296 F.3d 518, 522-23 (6th Cir. 2002); <u>Delco v. Roy</u>, No. C-11-029, 2011 WL 3502365, at *3 (S.D. Tex. Aug. 10, 2011). "[P]ersonal registration requirements are not enough to render a sex offender 'in custody.' No court of appeals has held otherwise . . . ." <u>Hautzenroeder v. Dewine</u>, 887 F.3d 737, 741 (6th Cir. 2018) (citing <u>Dickey v. Allbaugh</u>, 664 F. App'x 690, 693-94 (10th Cir. 2016); <u>Calhoun v. Att'y Gen.</u>, 745 F.3d 1070, 1072-74 (10th Cir. 2014); <u>Wilson v. Flaherty</u>, 689 F.3d 332, 337-38 (4th Cir. 2012); <u>Henry v. Lungren</u>, 164 F.3d 1240, 1242 (9th Cir. 1999)).

For these reasons, DeSilva is <u>not</u> in custody pursuant to, or for purposes of challenging, his 1999 conviction for indecent behavior with a juvenile and that conviction is "regarded as conclusively valid." <u>Lackawanna Cnty.</u>, 534 U.S. at 403; <u>Stanbridge</u>, 791 F.3d at 722 (citing <u>Lackawanna Cnty.</u>, 534 U.S. at 403). This court, therefore, lacks subject matter jurisdiction to review DeSilva's petition as a <u>direct</u>

challenge to the 1999 conviction and term of probation, and the petition should be dismissed for that reason, as the State correctly argues.

The State does not raise a limitations defense. Nevertheless, out of an abundance of caution, I will also address the limitations period.

V.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[11]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  In this case, DeSilva's conviction was final on January 14, 1999. Thus, under a literal application of the statute, DeSilva had one year from the date his conviction became final, or until January 14, 2000, to file his federal habeas corpus petition, which he did not do.  His petition, filed more than nineteen (19) years after his

---

[11]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

conviction became final, must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently <u>and</u> rare or extraordinary circumstances exist that prevented timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>accord</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999); <u>Cantu-Tzin v. Johnson</u>, 162 F.3d 295, 299 (5th Cir. 1998); <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling is warranted <u>only</u> when the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. <u>Pace</u>, 544 U.S. at 418-19; <u>Cousin</u>, 310 F.3d at 848.

DeSilva has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled. He waited more than nineteen years after his conviction became final and more than fourteen years after his five-year term of probation expired to pursue the issue in this court. He has not shown diligence in pursuing his claim, and presents no basis for equitable tolling.

My review of the record also reveals no circumstance that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 652-54 (2010) (equitable tolling may have been warranted

where petitioner's attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform petitioner that his state habeas petition had been denied, he diligently pursued federal habeas relief and he persistently inquired of the court); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period); cf. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which

a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.  <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-78.

The Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998); <u>Gray v. Waters</u>, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  <u>Williams v.</u>

Cain, 217 F.3d 303, 306-07 & n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)) (citing Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000)); see also Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)".). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); see Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 264 F.3d 310, 316 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition

12

and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation.  Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999); Brown v. Cain, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002); see Grayson v. Grayson, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript that was not required to file the application does not warrant equitable tolling); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts).

The one-year AEDPA limitations period began to run in DeSilva's case on January 7, 1999, the day after his conviction for indecency with a juvenile was final.  The limitations period ran uninterrupted for 365 days, until January 7, 2000, when it expired. DeSilva had no properly filed state post-conviction or other collateral review proceedings pending in any state court during that time period.  The record contains nothing filed by DeSilva after his conviction and the imposition of probation.  Even if he had filed anything in the state court after January 7, 2000, a filing made after the AEDPA filing period has expired does not afford him any tolling.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

13

The record reflects that DeSilva allowed more than nineteen years to pass after finality of his 1999 conviction without any challenge to his conviction and sentence and before submitting his federal petition. His federal habeas corpus petition is clearly time-barred and also must be dismissed for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the petition of Samuel DeSilva for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction or, alternatively, as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

14

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[12]

New Orleans, Louisiana, this _____18th_____ day of June, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[12]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.